**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID K. LONN, | No. 17-35646 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00031-EJL-CWD |
| v. | |
| CORIZON HEALTH, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

David K. Lonn, a former Idaho state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment because Lonn failed to raise a genuine dispute of material fact as to whether defendants Dawson and Agler were deliberately indifferent in treating Lonn's hip pain. *See id.* at 1057, 1060 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; a difference in opinion is insufficient to establish deliberate indifference).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). In his opening brief, Lonn fails to address how the district court erred in dismissing as barred by the statute of limitations his claims concerning events occurring prior to February 2, 2012, and thus this issue is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

Lonn's request for appointment of counsel, set forth in his opening brief, is

denied.

**AFFIRMED.**